```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF INDIANA
                            SOUTH BEND DIVISION

DANIEL E. WILKINS,                      )
                                        )
        Plaintiff,                      )
                                        )
vs.                                     )    CAUSE NO. 3:13-CV-278
                                        )
LISBETH A. BORGMANN,                    )
                                        )
        Defendant.                      )
```

OPINION AND ORDER

This matter is before the Court on the amended complaint filed pursuant to 42 U.S.C. § 1983 by Daniel E. Wilkins, a *pro se* prisoner, on May 23, 2013. For the reasons set forth below, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

BACKGROUND

Daniel E. Wilkins, a *pro se* prisoner, alleges that Lisbeth A. Borgmann, the Allen County Clerk of Court, (or some other unknown employee(s) of the clerk's office) backdated filings he sent to the Allen Superior Court and did not present them to the judge for review during his state post-conviction relief proceeding under cause number 02D04-1004-PC-27. In support of his claim he presents several documents including a Chronological Case Summary (CCS) printed on February 2, 2013, (DE 6-1 at 9-12) and another one printed on March 8, 2013, (DE 6-1 at 14-16). The March CCS printout includes the missing filings which Wilkins speculates were withheld and backdated.

DISCUSSION

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). However, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court

to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not shown — that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Wilkins has concluded that his filings in the Allen Superior Court were backdated, but he has not pled any facts which plausibly support that conclusion. It appears that he believes that they were backdated because they were not docketed the same day that they were file stamped. This is not a reasonable inference. The March CCS printout shows that the "missing" filings were docketed on March 1, 2013. However, it also shows that they were received and file stamped on December 28, 2013,[1] January 9, 2013, and January 30, 2013. Wilkins has not pled any facts from which it can be plausibly inferred that the clerk backdated any of these entries.

---

[1] The December 28, **2013**, date is clearly a scriveners error because that date has not yet occurred. It seems likely that the correct date was December 28, **2012**. Given that the CCS entry was made in 2013, erroneously entering 2013 instead of 2012 would be an common typo.

Indeed, the March CCS printout shows that many of the judge's orders were not entered until a day or two (in one instance three) days after they were signed. *See* (DE 6-1 at 14-15).[2] This is not an indication that the orders were backdated. Rather, the facts presented merely show that it is not the routine practice of the Allen County Clerk to contemporaneously docket filings when they are received by the office. That does not state a claim.

Wilkins has also concluded that his filings were withheld from the judge, but he has not pled any facts which plausibly support that conclusion. Though the February CCS printout shows that the case was dismissed before his filings were docketed, the March CCS printout shows that the "missing" filings were received and file stamped before the order of dismissal. It appears that Wilkins surmises that the judge did not see them because they were not docketed before the case was dismissed. This is mere speculation.

Though it is not the practice in this Court for a judge to commonly review file stamped documents before they are docketed, a review of the March CCS printout shows that this occurred four other times in Wilkins' Post-Conviction Relief proceeding. (DE 6-1

---

[2] The order signed May 7, 2012, was docketed two days later on May 9, 2012. The order signed May 30, 2012, was docketed one day later on May 31, 2012. The order signed June 18, 2012, was docketed two days later on June 20, 2012. The order signed October 29, 2012, was docketed two days later on October 31, 2012. The order signed February 8, 2013, was docketed three days later on February 11, 2013.

at 14-15).[3] This pattern of docketing motions after they were ruled on occurred two other times in this case. *See Wilkins v. State*, 02D04-1004-PC-27 (Allen Superior Court filed April 7, 2010), official Indiana trial court docket sheet available at http://mycase.in.gov/.[4] Clearly the State court judge saw all of those filings even though they had not been docketed. If the judge had not seen those motions, the judge could not have ruled on them. The CCS shows that those filings cited above had been received and file stamped days and weeks before they were docketed. In one instance it was nearly a month before the file stamped document was docketed. Therefore, based on the facts presented by Wilkins, it is not reasonable to infer that anyone in the office of the Allen County Clerk prevented the judge from seeing his filings.

Nevertheless, if the judge did not see (or refused to consider) all of the filings before denying Wilkins' post-conviction relief petition, Wilkins is not without a remedy. Wilkins can (and it appears that he did) file in the State trial court a motion to correct error. In that motion he could have alerted the State judge of his concerns and asked that the court

---

[3] On May 7, 2012, that court issued an order ruling on a motion that was not docketed until May 9, 2012. On May 30, 2012, that court issued an order ruling on a motion that was not docketed until May 31, 2012. On June 18, 2012, that court issued an order ruling on a motion that was not docketed until June 20, 2012. Then on October 29, 2012, that court issued an order ruling on two motions that were not docketed until October 31, 2012.

[4] On April 2, 2013, the State trial court issued an order ruling on two filings that were not docketed until April 3, 2013.

reconsider the post-conviction relief petition in light of all of his filings. Additionally, Wilkins can raise this issue on appeal. However, what he cannot do is sue the clerk based solely on his speculation that someone improperly handled his filings.

CONCLUSION

    For the reasons set forth above, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

DATED: August 8, 2013              /s/RUDY LOZANO, Judge
                                             United State District Court